IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERMAINE L. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No.15-565-SLR |
| ) | |
| JAMES T. VAUGHN CORRECTIONAL ) | |
| CENTER (DOC), ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

1. **Introduction.** Plaintiff Jermaine L. Carter ("plaintiff"), an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware, proceeds pro se and has been granted leave to proceed in forma pauperis. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] (D.I. 2, 7, 13) He also moves for leave to amend, requests counsel, and moves to compel discovery. (D.I. 8, 11, 12)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). See also 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of §§ 1915 and 1915A, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion.** Plaintiff raises several distinct claims: (1) the business office miscalculated and deducted the wrong amount of money from his prison account when making partial filing fee payments; (2) he is illegally electronically monitored through a "microwave hearing effect eavesdropping device"; (3) an electronic control device is utilized inside his body for no medical purpose "with medical malpractice"; (4) his food is contaminated; (5) the reception is poor on his clear tunes digital television channels; and (6) he has received false disciplinary reports. (D.I. 2, 7, 13) In addition, plaintiff

3

moves to add a claim that he is not allowed to purchase canteen from the commissary. (D.I. 11) Plaintiff names the VCC as the sole defendant and seeks injunctive relief.

7. **Eleventh Amendment**. The VCC falls under the umbrella of the Delaware Department of Correction, an agency of the State of Delaware. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the kind of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant." *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3d Cir. 1981) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)). Delaware has not waived its immunity from suit in federal court; although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks–McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007) (unpublished). In addition, dismissal is proper because the VCC is not a person for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989); *Calhoun v. Young*, 288 F. App'x 47 (3d Cir. 2008) (unpublished). Accordingly, the court will dismiss the claims against the VCC pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2) as it is immune from suit.

8. **Conditions of confinement**. Plaintiff alleges that the kitchen sends him contaminated food and that he suffers from malnutrition. The Eighth Amendment requires prison officials to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-

527 (1984)). A prisoner asserting a conditions-of-confinement claim must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." *Id.* at 834 (citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Accordingly, the Eighth Amendment requires that prison officials provide nutritionally adequate food that is prepared and served under conditions that do not present an immediate danger to the health and well-being of the inmates who consume it. *See Gregory v. Danberg*, 2011 WL 4480445, at *5-6 (D. Del. Sept. 23, 2011). "[O]nly a substantial deprivation of food to a prisoner sets forth a viable Eighth Amendment claim." *Lindsey v. O'Connor*, 327 F. App'x 319, 321 (3d Cir. 2009) (unpublished). Moreover, a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official is deliberately indifferent, that is, the official knows of and disregards a substantial risk of serious harm to inmate health or safety. *Farmer*, 511 U.S. at 837, 847. The official must both be aware of facts from which he could infer that a substantial risk of serious harm exists, and he must draw that inference. *Id.* (holding that both subjective and objective components must be satisfied).

9. Plaintiff provides no specifics, only that he is served contaminated food, and he is malnourished. As the claim now stands, it does not establish an Eighth Amendment violation and, therefore, the court will dismiss the claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, because it appears plausible that plaintiff may be able to articulate a claim against an alternative defendant(s), he will be given an opportunity to amend the claim. *See O'Dell v. United States Gov't*, 256 F.

App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

10. **False disciplinary reports**. Plaintiff alleges, without supporting facts, that he received false disciplinary charges which caused him to serve sanctions and be deprived of personal property. The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (unpublished) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). The scant allegations do not rise to the level of a constitutional violation and, therefore, the court will dismiss the claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, it appears plausible that plaintiff may be able to articulate a claim against an alternative defendant(s), and he will be given an opportunity to amend the claim. *See O'Dell, supra*.

11. Plaintiff's remaining claims do not rise to the level of constitutional violations. The claims that the business office miscalculated and deducted incorrect sums of money, that there is poor television reception, and plaintiff is not allowed to purchase canteen from the commissary,[2] all are administrative matters that should be handled by the prison. The court finds plaintiff's electronic monitoring through a "microwave hearing effect eavesdropping device" and electronic control device claims fantastical and/or delusional and insufficient to withstand the court's evaluation for frivolity

---

[2] Plaintiff filed a motion to amend to add this last claim. (D.I. 11) The court will deny the motion to amend as amendment is futile. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (futility of amendment occurs when the complaint, as amended, does not state a claim upon which relief can be granted).

6

dismissal under § 1915(e)(2)(B)(i). See *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (a complaint may be dismissed as lacking a basis in fact if it is premised upon "allegations that are fanciful, 'fantastic,' and 'delusional[.]'"); *Golden v. Coleman*, 429 F. App'x 73 (3d Cir. 2011) (unpublished).

12. **Motion to compel.** The court will deny as premature (and without prejudice to renew) plaintiff's motion to compel discovery. (D.I. 12) The case is in its early stages. Should the case survive screening, the court will enter a scheduling and discovery order.

13. **Request for counsel.** Plaintiff seeks counsel on the grounds that he does not have the ability to present his case, he is unskilled in the law, the case is complex, he does not have the ability to pursue an effective investigation, the case may turn on credibility determinations, expert witnesses will be necessary, he cannot attain and afford counsel on his own behalf, counsel would serve "the best interest" of justice, and he is mentally ill and has a learning disability. (D.I. 8)

14. Federal Rule of Civil Procedure 17(c)(2) provides that "[t]he court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." The United States Court of Appeals for the Third Circuit has determined that the district court has a responsibility to inquire sua sponte under Rule 17(c)(2), whether a pro se litigant is incompetent to litigate his action and, therefore, is entitled to either appointment of a guardian ad litem or other measures to protect his rights. See *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012). The court considers whether Rule 17(c) applies "[i]f a court [is] presented with evidence from an appropriate court of record or a relevant public agency indicating

7

that the party had been adjudicated incompetent, or if the court receive[s] verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Powell*, 680 F.3d at 307 (citing *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003)). The court "need not inquire sua sponte into a pro se plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity." *Id.* at 303 (citations omitted). The decision whether to appoint a next friend or guardian ad litem rests with the sound discretion of the district court. *Powell*, 680 F.3d at 303. Here, plaintiff makes bald allegations of mental illness and did not submit any verifiable evidence of incompetence to this court. Thus, this court has no duty to conduct a sua sponte determination of competency under Rule 17(c)(2).[3]

15. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel.[4] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

---

[3] The court takes judicial notice that, in 2009, plaintiff entered a plea of guilty, but mentally ill, to several criminal counts and that the State court found plaintiff guilty, but mentally ill, and sentenced him to life plus 35 years. *See State v. Carter*, 2014 WL 4782863, at *1 (Del. Super. 2014). Regardless, there is no verifiable evidence of plaintiff's incompetence as of the date of his filings.

[4] See *Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

16. After reviewing plaintiff's request, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, the complaint before the court contains claims raised against a defendant immune from suit and that are frivolous and/or fail to state a claim upon which relief may be granted. Finally, this case is in its very early stages. Thus, in these circumstances, the court will deny without prejudice to renew plaintiff's request for counsel and will reconsider the issue should the need for counsel arise. (D.I. 8)

17. **Conclusion**. For the above reasons, the court will dismiss the complaint as frivolous, for failure to state a claim upon which relief may be granted, and based upon the VCC's immunity pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii), and (iii) and §§ 1915A(b)(1) and (2). Plaintiff will be given leave to amend the food contamination and false disciplinary reports claims. The court will deny: (1) without prejudice to renew

9

plaintiff's request for counsel (8); (2) the motion to amend based upon futility of amendment (D.I. 11); and (3) as premature the motion to compel (D.I. 12). A separate order shall issue.

Date: September 29, 2015

                                                                         UNITED STATES DISTRICT JUDGE