IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERMAINE L. CARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No.15-565-SLR |
| | ) |
| JAMES T. VAUGHN CORRECTIONAL | ) |
| CENTER (DOC), et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff Jermaine L. Carter ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, proceeds pro se and has been granted leave to proceed in forma pauperis. He filed this complaint pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights.[1] The court screened the original complaint and gave plaintiff leave to amend. (D.I. 14, 15) Plaintiff filed an amended complaint, two supplements, and a motion for leave to amend. (D.I. 16, 17, 18, 19)

2. **Standard of Review.** A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (in

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of §§ 1915 and 1915A, the court must grant plaintiff leave to amend his

2

complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

6. **Discussion.** Plaintiff was given leave to amend food contamination claims and false disciplinary reports claims. In his amendments, plaintiff eliminates defendant VCC and adds Perry Phelps ("Phelps"), Robert Coupe ("Coupe"), and James Welch ("Welch") as defendants. (D.I. 17) Plaintiff alleges that Phelps, Coupe, and Welch are "the ones responsible for [his] appeal decisions, for [his] grievances, and for [his] disciplinary write-up appeal decisions."

3

7. In addition, plaintiff's proposed amendment (D.I. 19) seeks to add food service director Christopher Senato ("Senato") and food service staff Lt. Joseph Simmons ("Simmons") as defendants. He alleges that Senato was personally involved with the level two grievance decisions and that Simmons was personally involved with the level one grievance investigations.

8. Plaintiff alleges that he suffers from food deprivation because inmate kitchen workers served him contaminated water and rotten, out of date food. He submitted grievances but the problem continues. Plaintiff also alleges he was issued false disciplinary reports with no witnesses or evidence. Plaintiff alleges that he pled "not guilty" at both disciplinary hearings "with no help from the appeal process." Plaintiff alleges that he was deprived of his liberty by serving sanctions he "wasn't supposed to be serving." Plaintiff seeks compensatory damages and injunctive relief.

9. **Grievances**. Plaintiff's claims revolve around the denial of grievances he submitted. He alleges that Phelps, Coupe, and Welch were responsible for the grievance appeal decisions and that Senato and Simmons were responsible for investigating his grievances. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (unpublished). To the extent that plaintiff bases his claims upon his dissatisfaction with the grievance procedure or denial of his grievances, his claims fail because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (unpublished) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). In addition, plaintiff's complaints regarding the investigation of his grievances do not state a constitutional claim. *See*

4

*Gay v. Shannon*, 211 F. App'x 113, 116 (3d Cir. 2006) (unpublished) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (holding allegedly inadequate grievance procedures did not give rise to a constitutional claim); *see also Hurley v. Blevins*, 2005 WL 997317 (E.D. Tex. Mar. 28, 2005) (the failure to investigate a grievance does not raise a constitutional issue.) Finally, the denial of his grievance appeal does not in itself give rise to a constitutional claim as plaintiff is free to bring a civil rights claim in court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (unpublished) (citing *Flick*, 932 F.2d at 729).

10. Plaintiff cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, investigated, or that the grievance process is inadequate. Therefore, the court will dismiss all grievance claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Because plaintiff's proposed claims against Senato and Simmons are frivolous, the court finds amendment futile and will deny plaintiff's motion for leave to amend. (D.I. 19)

11. **False disciplinary reports**. Plaintiff alleges that he received false disciplinary charges that resulted in the deprivation of liberty by serving sanctions. In addition, the plaintiff alleges that disciplinary hearings were held, and he pled "not guilty." The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (unpublished) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). Plaintiff's allegations do not rise to the level of a constitutional violation and, therefore, the court will dismiss the claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

12. **Conclusion**. For the above reasons, the court will dismiss the amended complaint as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). The court will deny plaintiff's motion to amend (D.I. 19) as amendment is futile. A separate order shall issue.

Date: December 2, 2015

_____
UNITED STATES DISTRICT JUDGE